IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERROL P. HOWERY, | } |
| | } |
|     *Plaintiff*, | } |
| v. | }   Civil Action No. H-08-196 |
| | } |
| MICHAEL CHERTOFF, SECRETARY, | } |
| DEPARTMENT OF HOMELAND | } |
| SECURITY, TRANSPORTATION | } |
| SECURITY ADMINISTRATION, | } |
| | } |
|     *Defendants*. | } |

## **OPINION AND ORDER**

Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 12). Upon review and consideration of this document, the response, reply, and surreply thereto, and the relevant legal authority, the Court finds that Defendant's motion should be GRANTED.

I.     Background and Relevant Facts

On August 18, 2002, the Transportation Security Administration (TSA) hired Plaintiff Errol P. Howery (Howery) as a Transportation Security Screener (TSS) at William P. Hobby Airport (Hobby). (Pl.'s Compl., Doc. 1 at ¶ 5). TSA subsequently promoted Howery to Lead Transportation Security Screener (LTSS) on June 5, 2003. (*Id.* at ¶ 9).

Several months later, on October 30, 2003, Howery received an official notification from the screening managers that he was required to undergo mandatory recertification testing on November 6, 2003. (*Id.* at ¶ 17). Howery failed the first recertification

test, as well as the second and final one given on November 7, 2003. (*Id.* at ¶ 23). As a result, he was placed on administrative leave. (*Id.*).

On November 25, 2003, while Howery was on administrative leave, he received a Notice of Proposed Removal from Screening Manager Earl Smith (SM Smith). (*Id.* at ¶ 24). Then, in a Letter of Decision on Proposed Removal, Assistant Federal Security Director Juan Landa (AFSD Landa) terminated Howery's employment, effective December 11, 2003. (*Id.* at ¶ 25). In his letter, ASFD Landa advised Howery that the TSA does not allow continued employment for screeners who fail to meet annual recertification requirements, and, as such, Howery's termination was appropriate. (*Id.* at ¶ 25).

ASFD Landa's letter advised Howery of his right to appeal the decision:

> You may appeal this decision to the TSA Disciplinary Review Board (DRB) within thirty (30) days following the effective date of this decision. **NOTE: If you decide to appeal, the appeal must be filed no later than January 10, 2004.**

(Doc. 12 Ex. B at 2) (emphasis in original). Howery appealed this decision to the DRB on January 9, 2004, and, on July 27, 2004, the DRB denied his appeal. (Pl.'s Compl., Doc. 1 at ¶¶ 42, 42a).

ASFD Landa's letter also included the following information about discrimination and harassment complaints:

> If you believe this removal resulted from discrimination or harassment based on race, color, religion, sex, national origin, physical or mental disability, age (40 or over), sexual orientation or reprisal, you may contact the Office of Civil Rights (OCR) at 1-877-336-4872. If you choose to contact OCR, you must do so within 45 calendar days of the effective date of this action.

(Doc. 12 Ex. 1-B at 2). Although Howery did contact the OCR, he waited to do so until July 19, 2005, approximately eighteen months after the effective date of his termination. (Doc. 12 Ex. 2

at ¶ 3) (Pl.'s Compl., Doc. 1 at ¶ 42b).  Howery's Equal Employment Opportunity (EEO) counselor telephoned him on September 12, 2005.  (*Id.* at ¶ 43).  On October 19, 2005, Howery requested the right to file a formal complaint, which he subsequently filed on October 25, 2005.  (*Id.* at ¶¶ 44, 45).  On March 13, 2007, the administrative judge assigned to Howery's case issued an order of dismissal and denial of request to amend based on untimely EEO counselor contact, which Howery later appealed.  (*Id.* at ¶¶ 47, 48).  On October 15, 2007, the Equal Employment Opportunity Commission (EEOC) denied Howery's appeal, adopted the administrative judge's decision as the final decision, and issued the right to file a civil action in the appropriate federal district court within 90 days.  (*Id.* at ¶ 51).

Accordingly, on January 16, 2008, Howery initiated this suit, *pro se*, against Defendants Michael Chertoff, Secretary, Department of Homeland Security, Transportation Security Administration (collectively, the Defendants) asserting various causes of action (Doc. 1).  In the first, second, third, fourth, and sixth counts of his complaint, Howery alleges violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, for race, sex, and age discrimination and retaliation for protected activity.  In the fifth count, he asserts a claim for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*  In the seventh and eighth counts, Howery contends that the Defendants violated his due process rights under the Fifth Amendment to the United States Constitution.  In the ninth, tenth, and twelfth counts, he alleges violations of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, and, in the eleventh, a violation of the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d)(3).

Between June 5, 2003, when Howery was promoted to LTSS, and October 30, 2003, when he was notified about his recertification exam, two events transpired which Howery

asserts were the actual reasons for his termination. First, on May 29, 2003, Howery sent a memorandum to the screening managers at Hobby opposing their overtime policy. (Pl.'s Compl., Doc. 1 at ¶ 10). As a result, Federal Security Director Jerry Wyatt (FSD Wyatt), Deputy Federal Security Director Paul Hughes (DFSD Hughes), and AFSD Landa held a meeting with Howery and denied his overtime request. (*Id.* at ¶¶ 11,12). Second, on October 3, 2003, Howery called the TSA Human Resources Department at Hobby and spoke to Human Resources Specialist Helen Williams (Williams) about the posting of job announcements. (*Id.* at ¶ 14). Howery alleges that, the following day, two of the screening managers, Felicia Willis (Willis) and David Lee (Lee), questioned him about his conversation with Williams. (*Id.* at ¶ 15). Additionally, Howery contends that Lee ordered him to document and email the substance of this conversation to both him and Willis. (*Id.*). On October 17, 2003, Howery complied and sent the email. (*Id.* at ¶ 16). Howery asserts that these events were the actual reasons for his termination and, as such, are the basis of the allegations in his complaint.

The Defendants, however, disagree and have moved to dismiss Howery's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

II.     Legal Standards

    A.    Rule 12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the district court's subject matter jurisdiction. It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)).

In cases in which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Id.* The Fifth Circuit distinguishes between "facial" and "factual" attacks to subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the defendant files a Rule 12(b)(1) motion without extrinsic evidence, the district court is simply required to evaluate the sufficiency of the allegations in the complaint as they are presumed to be true. *Id.* at 523. If those jurisdictional allegations are sufficient, the complaint stands. *Id.* If a defendant makes a "factual attack" to the district court's subject matter jurisdiction, the defendant submits affidavits, testimony, or other evidentiary materials with its Rule 12(b)(1) motion. *Id.* If the defendant makes a "factual attack," the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance" that the district court has subject matter jurisdiction. *Id.*

    B. <u>Rule 12(b)(6) Motion to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief

that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). District courts are, however, permitted to rely on matters of public record. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995)).

III.     Discussion

      A.     Title VII Claims

In counts 1, 2, 3, 4, and 6, Howery alleges violations of Title VII for race, sex, and age discrimination and retaliation for protected activity. The Defendants have moved the Court to dismiss these claims because Howery did not exhaust his administrative remedies. Specifically, Howery failed to contact an EEO counselor within 45 days of the effective date of his termination. Howery contends that the doctrine of equitable tolling applies. The Court, however, agrees with the Defendants and finds that these counts must be dismissed.

There are two requirements for filing a Title VII action in federal court. *Tolbert v. U.S.*, 916 F.2d 245, 247 (5th Cir. 1990). First, the complainant must file a complaint within

the time allotted by Title VII. *Id.* at 247. Second, the complainant must first have exhausted his administrative remedies. *Id.* Failure to comply with either of these requirements deprives the district court of jurisdiction over the case. *Id.* (citing *Brown v. Dept. of Army*, 845 F.2d 77, 78 (5th Cir. 1988); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981)).

Section 2000e-16 prohibits federal employment discrimination and establishes an administrative and judicial enforcement system. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (citing 42 U.S.C. 2000e-16) (footnote omitted). Part 1614 of the Code of Federal Regulations, entitled Federal Sector Equal Employment Opportunity, lays out the policies and procedures for initiating and processing Title VII claims against the United States. 29 C.F.R. § 1614.101 *et seq.* With respect to time limits, it provides, in pertinent part:

> An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1). This time limit shall be extended if the aggrieved party shows that he was not notified of the time limits or was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory action had occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency. 29 C.F.R. § 1614.105(a)(2).

If the matter is not resolved during counseling, within 30 days of the date the employee contacted the counselor, the counselor shall notify the employee that he has the right to file a formal discrimination complaint with his employing agency. 29 C.F.R. § 1614.105(d). This notice must advise the employee that he has the right to file a discrimination complaint within 15 days of receipt of the notice. *Id.* Once a complaint is filed, the agency has 180 days to

investigate it. 29 C.F.R. § 1614.108(e). The employee is authorized to file a civil action in the appropriate federal court if:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407.

An employee's failure to timely notify an EEO counselor or file a claim bars a complaint filed in federal court, absent a showing of waiver, estoppel, or equitable tolling. *Ross v. Runyon*, 858 F. Supp. 630, 637 (S.D.Tex. 1994) (citing *Bickham v. Miller*, 584 F.2d 736, 738 (5th Cir. 1978); *Tillett v. Carlin*, 637 F. Supp. 251, 253-54 (D.Conn. 1986)). *See also Pacheco v. Mineta*, 448 F.3d 783, 791 n. 11 (5th Cir. 2006) (noting that discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action are generally time-barred in a subsequent action in federal court). Although a district court may evaluate whether it is proper to apply the doctrines of waiver, estoppel or equitable tolling, these doctrines are to be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-115 (2002) (citation omitted).

The TSA terminated Howery's employment, effective December 11, 2003. The termination letter from AFSD Landa stated, in pertinent part,

> [i]f you believe this removal resulted from discrimination or harassment based on race, color, religion, sex, national origin,

> physical or mental disability, age (40 or over), sexual orientation or reprisal, you may contact the Office of Civil Rights (OCR) at 1-877-336-4872. If you choose to contact OCR, you must do so within ***45 calendar days of the effective date of this action***.

(Doc. 12 Ex. B at 2) (emphasis added). Howery did not initiate contact with an EEO counselor until July 19, 2005, approximately eighteen months after the effective date of his termination. The EEO counselor called him on September 12, 2005. On October 19, 2005, Howery requested leave to file a complaint, which he then filed on October 25, 2005. The administrative judge dismissed the complaint based on untimely EEO counselor contact. On October 15, 2007, the EEOC denied Howery's appeal, adopted the administrative judge's decision as the final decision, and issued the right to file a civil action in the appropriate federal district court within 90 days. Howery filed a complaint with this Court on January 16, 2008. However, his Title VII claims are barred because he failed to timely notify the EEO counselor.

Howery contends that the Court should equitably toll the deadline for contacting an EEO counselor. The burden of demonstrating that equitable tolling applies rests on the party invoking it. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). The Fifth Circuit has recognized the following three grounds for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir.2003). Howery has not sufficiently demonstrated that the doctrine of equitable tolling applies. There is no suit pending between the same parties in another forum. Additionally, Howery has failed to provide evidence that the Defendants intentionally concealed facts or that the EEOC misled him about his rights. Conclusory allegations and the plaintiff's subjective beliefs are insufficient. Therefore, the doctrine of equitable estoppel does not apply.

Because Howery failed to timely contact an EEO counselor and the doctrine of equitable estoppel does not apply, the Court finds that it must dismiss Howery's Title VII claims.

    B.    <u>ADEA Claim</u>

In count 5, Howery alleges age discrimination pursuant to the ADEA. The Defendants argue that the Court must dismiss this count because Howery did not exhaust his administrative remedies. The Court finds that Howery failed to satisfy the requirements of either option available to a claimant when pursuing an ADEA claim and, as such, dismisses this count.

While the exhaustion of administrative remedies is always required for Title VII claims, a claimant under the ADEA may either "invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies," or he may "present the merits of his claim to a federal court in the first instance." *Stevens v. Department of the Treasury*, 500 U.S. 1, 5-6 (1991) (citing 29 U.S.C. §§ 633a(b)-(d)). With respect to the first option, once the claimant has decided to pursue his ADEA claim through the EEOC's administrative process, he must exhaust his administrative remedies before filing an action in federal court. *White v. Frank*, 895 F.2d 243 (5th Cir. 1990). As to the second option, the ADEA provides that "no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d).

Howery chose to pursue his ADEA claim through the EEOC's administrative process. As the Court discussed in Section I-A of this Opinion and Order, the plaintiff's failure to contact an EEO counselor within the 45-day limit bars his claim from being heard in federal court. Even if Howery had chosen to bypass the administrative process and go directly to federal

court, he failed to satisfy the requirements of 29 U.S.C. § 633a(d) and submit a notice of intent to file within 180 days after his termination. Accordingly, this claim must be dismissed.

### C.     Fifth Amendment Claims

In counts 7 and 8, Howery alleges that the Defendants violated his rights under the Fifth Amendment. As the Defendants argue and the Court finds, these counts must be dismissed because Title VII precludes duplicative claims of discrimination.

As the Supreme Court stated in *Brown*, "[t]his unambiguous congressional perception seems to indicate that the congressional intent in 1972 was to c[re]ate an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown*, 425 U.S. at 828-29. Furthermore, the Fifth Circuit has found that section 2000e-16 provides the exclusive judicial remedy for claims of discrimination by federal employees. *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981). Thus, when federal employees covered by this statute seek to redress the violation of rights guaranteed by the statute, the remedies provided by it are exclusive. *Lage v. Thomas*, 585 F. Supp. 403, 406 (N.D.Tex. 1984).

In his complaint, Howery requests relief for the allegedly discriminatory and retaliatory treatment he endured from the Defendants. Because section 2000e-16 seeks to redress these violations, the remedies it provides are exclusive. Accordingly, Howery may not pursue his Fifth Amendment claims outlined in counts 7 and 8 of the complaint.

### D.     CSRA Claims

In counts 9, 10, and 12, Howery claims that the TSA violated the CSRA because it engaged in prohibited personnel practices. The Defendants contend, however, that TSA employees cannot rely on the CSRA to challenge personnel decisions. The Court agrees with the Defendants and finds that it must dismiss these counts. Howery has failed to state a cause of

action on which relief can be granted. Furthermore, the Court lacks subject matter jurisdiction over Howery's non-constitutional challenges to his termination because these are challenges to the TSA's employment decisions that are not within the Court's jurisdiction to review.

> Section 111(d) of the Aviation and Transportation Security Act (ATSA) states,
>
> [n]otwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under [49 U.S.C. § 44901]. The Under Secretary shall establish levels of compensation and other benefits for individuals so employed.

49 U.S.C. § 44935 note. Courts have found that the language "notwithstanding any other provision of law" "confers upon the Under Secretary greater flexibility regarding screener positions than he or she may have with respect to other classes of employees." *Ray v. U.S. Dept. of Homeland Sec.*, 2008 WL 3263550, at *9 (S.D.Tex. Aug. 7, 2008) (quoting *Conyers v. Merit Systems Protection Bd.*, 388 F.3d 1380, 1382 (Fed.Cir.2004)). "The breadth of this clause cannot be overstated. Not only did Congress exempt the Under Secretary from specific employment constraints with respect to airport security screeners contained in the ATSA itself, it took the further step of relieving him from the constraints of '*any* other provision of law.'" *Springs v. Stone*, 362 F. Supp. 2d 686, 698 (E.D.Va. 2005). As such, courts have declined to consider claims that TSA employment decisions violate federal statutes or common law. *Ray*, 2008 WL 3263550, at *9.

Some courts have found that these claims fail to state a cause of action upon which relief can be granted. *Id.* (citing *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (finding that the plaintiff could not sue the Department of Homeland Security for a violation of the Rehabilitation Act of 1973 because section 111(d) allows the "TSA [to]

implement hiring standards and conditions of employment (including physical standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act"); *Springs,* 362 F. Supp. 2d at 698 (dismissing the plaintiff's claims asserting that the TSA's reduction-in-force standard violated Federal Aviation Administration procedures and the Veterans' Preference Act of 1944 because "those provisions of law that would otherwise constrain the Under Secretary's discretion . . . do not apply to employment action affecting airport security screeners"); *Tucker v. Ridge*, 322 F. Supp. 2d 738, 743 (E.D.Tex. 2004) (finding that the plaintiff "can provide no set of facts in support of his claim which would entitle him to relief" because "Congress has shielded the Under Secretary's hiring criteria from [the plaintiff's] Rehabilitation Act claims").

Other courts have dismissed such claims for lack of subject matter jurisdiction to review TSA employment decisions. *Id.* (citing *Conyers,* 388 F.3d at 1382-83 ("Section 111(d) of the ATSA exempts TSA from laws that would otherwise apply to screener positions. As a consequence, the [Merit Systems Protection] Board is divested of jurisdiction to hear appeals alleging violations of such laws insofar as TSA screener positions are concerned."); *Am. Fed'n of Gov't Employees TSA Local 1 v. Hawley,* 481 F. Supp. 2d 72, 91 ("In short, ATSA § 111(d) grants the TSA discretion to incorporate or not incorporate in its [reduction in force] the termination criteria Plaintiffs complain were not incorporated. This court does not have jurisdiction to review that exercise of discretion.").

In accordance with this authority, Howery fails to state a claim on which relief can be granted, and the Court lacks subject matter jurisdiction over Howery's challenge to his termination because this is an employment decision that is not within the Court's subject matter jurisdiction to review. The Court, therefore, must dismiss Howery's CSRA claims.

E.   EPA Claim

In count 11, Howery alleges that he was paid differently than females in the same position in violation of the EPA. The Defendants argue that, because Howery brought this claim outside of the limitations period, it must be dismissed. The Court agrees with the Defendants.

An action under the EPA is subject to the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255. Such an action must be commenced within two years after the cause of action accrues but may be commenced within three years if it is based on a willful violation. 29 U.S.C. § 255(a).

Howery's cause of action accrued on December 11, 2003, the effective date of his termination. He did not bring the instant cause of action until January 16, 2008. Even if the Defendants willfully violated the EPA, Howery failed to commence his action within the appropriate limitations period. Accordingly, count 11 must be dismissed.

F.   Federal Tort Claims Act

In his response to the Defendants' motion to dismiss, Howery argues, for the first time, that the Defendants acted fraudulently. To date, Howery has failed to amend his pleading. In the event that he did, however, the Court finds that a fraud or misrepresentation claim against the Defendants must fail.

The Federal Tort Claims Act (FTCA) provides that the federal government shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. However, there are several exceptions to this waiver of sovereign immunity, including "[a]ny claim arising out of . . . misrepresentation [or] deceit[.]" 28 U.S.C. § 2680(h). Because the federal government has not waived its sovereign immunity, the Court may not hear Howery's fraud claim, and it must be dismissed.

IV.        <u>Conclusion</u>

For the reasons set forth above, the Court hereby ORDERS that Defendant's motion to dismiss (Doc. 12) is GRANTED, and the case is DISMISSED.

SIGNED at Houston, Texas, this 27th day of March, 2009.

                                                 MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE